IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2011 SEP 21 PM 1:56
GREGORY C. LANGHAM
CLERK
BY ________ DEP. CLK

Civil Action No. 11-CV-2479
(To be supplied by the court)

MELVIN J. SCOTT,
Plaintiff,

v.

EG&G/LEAR SIEGLER SERVICES, INC.
Defendant.

---

## TITLE VII COMPLAINT

---

## PARTIES

1. Plaintiff MELVIN J. SCOTT is a citizen of UNITED STATES OF AMERICA who presently resides at the following address:
4318 BISCAY ST, DENVER, CO 80249

2. Defendant EG&G/LEAR SIEGLER lives at or is located at the following address:
105 BRADFORD SQUARE ROAD, SUITE A, FAYETTEVILLE, GA 30215

Attach a separate page, if necessary, to list additional parties.

## JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices took place at the following location:
EG&G/LSI SERVICES 105 BRADFORD SQUARE RD #A Fayetteville GA 30215

6. Jurisdiction also is asserted pursuant to the following statutory authority:
________________________________________

**ADMINISTRATIVE PROCEDURES**

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on 05.24.2010 (date) regarding the alleged discriminatory conduct by Defendant(s).

8. Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on 06.22.2011 (date). (Please attach to the complaint a copy of the Notice of Right to Sue.)

**NATURE OF THE CASE**

9. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

____ Race ____ Color ____ Religion

____ Sex ____ National Origin

✓ Other (please specify) DISABILITY

10. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

____ Failure to hire

____ Failure to promote

✓ Demotion/discharge from employment

____ Other (please specify) ____________________

## FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages. Alternatively, you may attach to the complaint a copy of the charge of discrimination you submitted to the Equal Employment Opportunity Commission.)

**SECOND CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**

(Please number your paragraphs and attach any necessary additional pages.)

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

Date: 09/21/2011

(Plaintiff's Original Signature)

4318 BISCAY ST.
(Street Address)

DENVER, CO 80249
(City, State, ZIP)

303.375.9687
(Telephone Number)

August 31, 2011

To Whom It May Concern:

I, Melvin J. Scott, am writing to request legal representation. Please review the following information. I am asking that you please decide to take my case on a contingency basis. After being made disabled on the job, I was unlawfully terminated. I have already contacted the Colorado Department of Regulatory Agencies' Division of Civil Rights. They have confirmed that I have a strong case and the right to sue under Title VII of the Civil Rights Act, Americans with Disabilities Act (ADA).

(b) My disabilities and impairment diagnoses include: Third-degree Chondromalacia of medial facet of the Patella (knee cap); Multiple collagenous loose bodies; Minor third-degree Chondromalacia of the medial Condyle; Bilateral Carpal Tunnel Syndrome in both left and right hands and wrists; Severe Bilateral Ulnar Neuropathy in the left arm; Numbness and tingling of the hands; Medial and Lateral Meniscus Tear of the left knee; Degenerative Tearing of Menisci Posterior Horns. The following life activities have been affected as a result of workers' compensation discrimination my recovery and healing process was grossly neglected: Walking; Sleeping; Bending; Lifting; Climbing Stairs; Unscrewing computer screws; Sexual Relations with my wife of thirty-six years; Please see medical verification.

(c) These many disabilities/impairments have left me with random tingling, pain and numbness of the hands. This results in me constanly-dropping items, unable to unscrew jars, etc. Dr. Tran stated that I might be on nerve medication for the rest of my life. I have to take medication to get some relief so that I may get some sleep at night. When I walk for 20 minutes or more, stand for more than 30 minutes at a time I suffer extreme pain in the knee area. This has also taken a toll on me mentally. I am depressed all the time that this ordeal has taken a toll on my marriage. I have not been able to make love to my wife in over five months. Dr. Tran is also treating me for this problem as well.

(d) My job as a computer repairman/engineer has been substantially limited due to the fact that I use my arms and hands to disassemble and rebuild laptops and personal computers. For thirty-five years

computers have been a major aspect of my life bringing me and my family joy and meaning. Now all that is has been jeopardized due to the injuries I sustained in Al Asad, Iraq.

(e) The entire time that I was at home on medical leave of absence I was not ever given any documentation that stated contrary to those weekly Human Resources check-in conversations. February 18, 2010 I received a letter stating that on January 31, 2010, I had been terminated. After that, in communications with Linda Henderson, Human Resources, she told me to go on the Internet and submit job applications to other companies. Linda stated that Lear Siegler was not offering anything to me. Not once did she nor anyone else offer me any accommodating position at Lear Siegler/URS. In addition, during conversations with Steve, (Human Resources), I shared my concerns about AIG/AIU WorldSource (Lear Siegler/URS's workers' compensation company). They were procrastinating with approving my surgeries and treatment. This was preventing me from returning to work in Iraq in a timely manner. I did not want to jeopardize my contract job. However at that time, Steve assured me that as soon as I was able to return to work I would start off right where I was prior to being injured while not losing any time on my contract. Again I had no cause to feel that I was in danger of losing my job or my workers' compensation benefits.

(f) In Al Asad, Iraq, I suffered on the job injuries on December 4th and December 21st of 2008. Diagnostic appointments with Dr. Angela Tran regarding the long-term affects of the nerve damage in my left and right arms and hands were caused by those injuries, while working for Lear Siegler/URS.

(g) During my last doctors' visits both Dr. Tran and Dr. John D. Sanidas stated that my injuries are long term. They also shared with me that it may take a while to recover from the upcoming left knee surgery on November 8, 2010. This could have been avoided if the company had not discriminated against me.

(h) On many occasions I shared with Dr. Sanidas how severely depressed I was with the overall treatment of my case by Mindy Chapman, Nurse Case Manager and by Tracie True of AIG/AIU WorldSource. I had to fight for every operation, physical therapy and necessary treatment. Even my pain medication was prematurely cut-off by Becky Roberts, my current Claims Adjuster of (formerly AIG/AIU) Chartis. Not providing me with proper treatment

in a timely manner, Chartis chose to procrastinate. This resulted in the worsening of my condition.

(i) Please refer to physicians' restriction statements of Dr. Sanidas and Dr. Lindberg provided.

(j) I submitted medical verification and medical records of my disabilities/impairments to Lear Siegler/EG&G and to Tracie True, Claims Examiner of AIG WorldSource. BJ. Heinrich of EG&G/LSI submitted my employee medical evaluations.

(k) Yes, I used mitigating measures for my disabilities/impairments. I am prescribed medications, a walking cane, a knee brace and sleeves for both left and right arms to support my nerve-damaged arms and hands.

(l) A white male co-worker named Sam (also a computer repairman) was allowed to work around the field office doing administrative paper work without the repetitive motion duties that cause carpel tunnel or the twelve-hour daily standing and walking causing knee damage. Obviously, I could have been accommodated in a similar manner while in Al Asad, Iraq.

(m) I was always told that my call for the week was being logged in and that everything, [my job] was still okay. Linda Henderson and Steve of the Human Resources Department were the persons whom I reported to on a weekly basis. As an employee out on a Medical Leave of Absence. During conversations I had with Linda every week, she repeatedly told me that "we (Human Resources Department) got you down Melvin, and everything is okay." This allowed me to believe that my job was still safe and that I would be returning to work after healing and recovering from the surgeries.

(n) Dr. Sanidas stated that he understood very well how my right hand and arm were exasperated while my left hand and arm were in a sling. The nerve damage and carpel tunnel only worsened. I continued to work seven-day weekly shifts in this condition. In December 2008 I fell while working and was unable to catch myself. This of course caused the knee injury.

   a. On April 22, 2009 Dr. Scott J. Primack communicated to the worker's compensation nurse that my right hand needed treatment also. He was prepared to schedule a surgery at that time. The nurse replied, "We're here for the left hand only." Nurse Mindy Chapman advised him to send his recommendation and professional opinion directly to her prior to sending it to Tracie True of AIG/AIU WorldSource. It is not the

job of the workers' compensation nurse to tell the doctors how to treat patients. I believe that Mindy edited and/or altered those documents with the intent of shortening my length of treatment. I was not even allowed to complete my last two weeks of scheduled physical therapy.

b. I was not able to return to full-time work as a computer repairman in September and October 2009. The treatment and recovery of my on the job injuries were prematurely stopped, which caused my condition to worsen. November 8, 2010 I will endure another operation to repair my left knee. Surely this could have been avoided if I were initially treated fairly.

c. I am skilled in computer programming and networking. Lear Siegler never offered me a different position accommodating my disabilities.

d. If I was a Caucasian and had been inured while working, I would have been treated fairly and not just thrown away. I learned the hard way that Lear Siegler/EG&G (URS) discriminates even against honest, hard-working, talented minority employees. Lear Siegler/EG&G (USR) and AIG WorldSource workers' compensation claims department may have conspired together in an attempt to save monies by having wrongfully terminated me.

Sincerely,

Melvin J. Scott

Melvin J. Scott
4318 Biscay Street, Denver, CO 80249
720.364.5756 Cell
303.375.9687 Home
MelvinJScott91@msn.com

EEOC Form 161 (11/09) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Melvin Scott**
**4318 Biscay St**
**Denver, CO 80249**

From: **Phoenix District Office**
**3300 North Central Ave**
**Suite 690**
**Phoenix, AZ 85012**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2010-43072** | **Ronald L. Houser, State & Local Coordinator** | **(303) 866-1300** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

for **Rayford O. Irvin,**
**District Director**

JUN 21 2011
*(Date Mailed)*

Enclosures(s)

cc: **EG&G**
**105 Bradford Square Road, Suite A**
**Fayetteville, GA 30215**

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Melvin Scott**
**4318 Biscay St**
**Denver, CO 80249**

From: **Phoenix District Office**
**3300 North Central Ave**
**Suite 690**
**Phoenix, AZ 85012**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2010-43072** | **Ronald L. Houser, State & Local Coordinator** | **(303) 866-1300** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Ronald L Houser for
**Rayford O. Irvin,**
**District Director**

JUN 21 2011
*(Date Mailed)*

Enclosures(s)

cc: **EG&G**
**105 Bradford Square Road, Suite A**
**Fayetteville, GA 30215**

**February 17, 2009**

**Good Morning Mr. Harvey Nicholson:**

**My name is Melvin Scott. I am an employee of Lear Siegler Services at home on medical leave of absence due to injuries that I suffered while working at Al Asad Iraq December 04th and 21st of 2008.**

**Yesterday, Feb 16, 2009 I was schedule for knee surgery here in Denver CO. My family and I arrived on time to fill out all the paper work then we waited for an hour and half. Eventually someone came out of the back and told me that my surgery was cancelled due to AIG (Tracy True) not giving the hospital the necessary approval for my Worker's Compensation Claim. The nurse also stated that messages have been left and no one is returning their phone calls. I, myself have attempted to reach Tracey True several times and she is not returning my calls.**

**Sir, I don't know what is going on. I was sent home by the KBR Doctors for medical treatment so that I can get fixed up and return to my Computer Repairman job in Iraq. AIG has done everything possible to prevent this from happening. In addition, it's been almost two (2) months and I have not been paid a dime. Please help to expedite my treatment so that I may return to work. If there is anything at all that you can do to help me in this stressful situation, I would truly appreciate it.**

**Sincerely Yours,**

**Melvin Scott**

**(720) 249-9474**

**MelvinJScott91@msn.com**

Dora
Department of Regulatory Agencies

Bill Ritter, Jr.
Governor

Barbara J. Kelley
Executive
Director

**Division of Civil Rights**
Steven Chavez
Director of Division of Civil Rights

1560 Broadway, Suite 1050
Denver, CO 80202
(303) 894-2997
(303) 894-7830 (fax)
(800) 262-4845 (toll free)

200 West "B" Street, Suite 234
Pueblo, CO 81003
(719) 542-1298
(303) 869-0498 (fax)

222 S. 6th Street, Suite 301
Grand Junction, CO 81505
(970) 248-7303
(970) 248-7304
(970) 242-1262 (fax)

http://www.dora.state.co.us/civil-rights/

July 16, 2010

EG&G / Lear Siegler Services
105 Bradford Square Road, Suite A
FAYETTEVILLE, GA 30215

Charge Number: D20100036 Melvin Scott v. EG&G / Lear Siegler Services

Dear Sir or Madam,

Melvin Scott, the Charging Party, has filed a charge of alleged discrimination with the Colorado Civil Rights Division naming EG&G / Lear Siegler Services as the Respondent. Pursuant to the Commission's Rule 10.4(G)(2), you are being furnished with a copy of the charge of alleged discrimination.

Attached to this notice is a copy of the charge of alleged discrimination and a request for information. EG&G / Lear Siegler Services hereby is required to provide a response to the enclosed **Request for Information** within 30 days from the date of this letter.

When a charge of discrimination is filed with the Colorado Civil Rights Division, the Division initiates a timely investigation of this claim. Due to the general legal requirements that the administative processing of this charge be completed within 270 days, your timely compliance with this request is essential. The data that you submit in response to this request may be sufficient for us to complete our investigation. However, if we need additional information at a later date, we will count on your continued cooperation to help us resolve this charge as efficiently as possible. If you have any questions about the investigative process you may contact the investigator assigned to this claim. You may obtain the name of the assigned investigator by calling the Division's general office number at (303) 894-2997. Please provide the receptionist with the case number (cited above in this letter) and the name of the person who filed the claim (Charging Party).

Additionally, the Division affords the parties the opportunity to try to reach early resolution of a claim through its "Alternative Dispute Resolution (ADR)" process. The ADR process is a mediation forum for trying to reach resolution through settlement negotiation. It is not an adversarial proceeding for the parties to present their positions relative to the facts of the charge. If both parties agree to participate in the ADR conference, the Division will authorize postponement of the 30-day deadline for submitting a response to the enclosed Request for Information, contingent upon your agreement to grant the Colorado Civil Rights Division a 90-day Motion for Extension of judisdictional time. The 90-day extension to the 270-day jurisdictional time limit will provide the Division adequate time to conduct the investigation should the mediation be unsuccessful. If the mediation fails, a response to the Request for Information will be due 21 days from the date of the failed mediation. If you have any questions regarding the ADR process or wish to schedule an ADR conference, please contact the Division at (303) 894-2997 within 20 days of the date of this letter and ask to speak with a member of the ADR Unit in order to register your interest in participating in mediation through the Division. Contingent upon the Charging Party's agreement to participate, a mediation date will be scheduled. Questions regarding matters other than mediation should be addressed to the assigned investigator.

Sincerely

Steven Chavez,
Director

cc: Melvin Scott

July 16, 2010

Charge Number: D20100036
Melvin Scott v. EG&G / Lear Siegler Services

## REQUEST FOR INFORMATION

The above referenced Charging Party has filed a charge of discrimination. So that we may deal with this charge in an efficient manner, please submit the following specific, written information and/or documentation by the deadline indicated in the service letter. Your failure to do so may result in our issuing a finding based on the available evidence.

Please be advised that incomplete responses will not be accepted. If you, or your representative, believe some item is not relevant to the case, you must discuss your reasons with the investigator before deleting the information from your response.

***You should be aware that the State of Colorado's Anti-Discrimination Statute grants the director of the Colorado Civil Rights Division the authority to subpoena witnesses and to compel the production of books, papers and records relevant to any unfair employment practice [C.R.S. 24-34-306 (2) (a)]. Such subpoena is enforceable in the district court in which the alleged discriminatory practice occurred. Subpoena authority is exercised only when, in the judgment of the director, the Respondent's failure to voluntarily cooperate makes it necessary.***

The information submitted by both parties is considered in deciding the merits of the allegation(s). Per the Commission's procedural regulations, this information in its entirety is made available to opposing party who then is given an opportunity to review and provide a response.

Please provide the following:

1. The full and correct name of the company if it is incorrect on the administrative complaint. Identify any person who should be copied on the correspondence.
2. Describe the nature of the business (type of goods or services it provides).
3. Indicate if there are currently more or less than fifteen employees. If there are less than fifteen provide a list of all persons employed within the past two-year period. For each cited person indicate his or her dates of employment.

# REQUEST FOR INFORMATION

A complaint has been filed with the Colorado Civil Rights Division (CCRD) against your company. So that we may deal with this charge in an efficient manner, please submit the following specific, written information and/or documentation by the deadline indicated in the service letter. Your failure to do so may result in CCRD issuing a finding based on the available evidence.

Please be advised that **incomplete responses will not be accepted**. If you, or your representative, believe that some item is not relevant to the case, you must discuss your reasons with the investigator before omitting the information from your response.

**SUBPOENA POWER NOTICE:** You should be aware that the State of Colorado's Anti-Discrimination statute grants the Director of the Colorado Civil Rights Division the authority to subpoena witnesses and to compel the production of books, papers and records relevant to any unfair employment practice [C.R.S. 24-34-306(2)(a)]. Such subpoena is enforceable in the district court in which the alleged discriminatory practice occurred. Subpoena authority is exercised only when, in the judgment of the Director, the Respondent's failure to voluntarily cooperate makes it necessary.

The information submitted by both parties is considered in deciding the merits of the allegation(s). Per the Commission's procedural regulations, this information in its entirety is made available to the opposing party, who then is given an opportunity to review and provide a response.

**PLEASE NOTE:** The Civil Rights Division **requires** comparative workforce data related to this claim, and as such, may request information regarding the demographics of your workforce. In many such instances, the Division is **unable** to finish processing the claim without such information. Such information, as requested, is intended to assist us in conducting a demographic analysis that is *relevant* to this claim. As such, please provide comparative data relevant to the claim whenever asked to do so. However, the Division is also aware that some demographic information may not be recorded in the ordinary course of business, such as sexual orientation information. Thus, when such information seems to be requested, but is not of the type commonly recorded (such as race, sex, disability status, etc.), you must contact the investigator on the case to discuss the specifics of what must be provided.

**Please provide the following:**

1. The full and correct name of the company if it is incorrect on the administrative complaint. Please specify your form of organization (e.g. LLC, PC, Ltd). Identify any person who should be copied on the correspondence and provide their contact information (e.g. e-mail address, telephone number). In addition, if there is another company or entity who

you believe may be jointly responsible for the alleged adverse action (e.g. a parent corporation, staffing agency, etc.) please provide identifying information.

2. Describe the nature of the business (type of goods or services it provides).

3. Indicate if there are currently more or less than fifteen (15) employees. If there are less than fifteen (15), provide a list of all persons employed within the past two-year period. For each cited person, indicate his or her dates of employment. (For cases in which age is involved, indicate if there are more or less than twenty (20) employees.)

4. A "position statement" which responds fully and specifically to **all** allegations of discrimination presented in the Charge of Discrimination. Include the following:

   a. Detailed description of all events surrounding the allegations of discrimination.
   b. The name, position title and protected class information for each person involved in these events. (For example, if the Charging Party has alleged discrimination based on age and race, provide age and race information for each person listed. If the Charging Party alleges disability and sex, provide the disability and sex of each person listed.)
   c. If adverse employment action (such as termination or discipline) was taken against the Charging Party, provide justification for such action and accompanying documentation to support such reasoning.
   d. For some protected classes, such as (but not limited to) disability and religion, indicate when you became aware of the Charging Party's protected class. (E.g. if the Charging Party alleges a disability, when were you made aware, if at all, of such disability?)
   e. For retaliation claims, indicate when you became aware that the Charging Party engaged in a civil rights protected activity and what action, if any, you took in response to this civil rights protected activity. Protected activity is opposing unlawful discrimination (e.g. complaining of discrimination to the employer or other member of management, EEOC, CCRD, etc.) or engaging in a discrimination proceeding (e.g. testifying in a civil rights-related investigation or trial).
   f. Provide statements, preferably sworn affidavits, from current employees confirming the responses you make in your position statement.

      i. For <u>harassment</u> complaints, provide an affidavit from the individual cited as the alleged harasser.

5. The job description for the position to which the Charging Party was employed, or for which the Charging Party applied and was allegedly not hired, promoted, etc.

6. A copy of the Charging Party's personnel records, including accolades, warnings, reprimands, and evaluations.

7. A copy of the Employee Handbook applicable during the Charging Party's employment.

    a. Provide copies of all relevant policies. For example, if harassment is involved, provide a copy of the harassment policy. If discipline is involved, provide a copy of the progressive discipline policy.

8. Provide copies of applications and/or resumes for either the person or person(s) who replaced the Charging Party or, if applicable, those who were promoted, hired or rehired instead of the Charging Party.

    a. Provide the name, job or position title, and protected class information for the individual(s) who made the personnel decision at issue.

**For the following items, provide information for the two years preceding the date that the Charge of Discrimination was filed.**

9. If applicable, provide a list of all employees who were hired or rehired for the position sought by the Charging Party. Specify each employee's relative protected classes (for example, if the Charging Party has alleged discrimination based on age and race, provide age and race information for each person listed. If the Charging Party alleges disability and sex, provide the disability and sex of each person listed). Also provide that person's name, dates of employment, and the job or position title.

10. If applicable, provide a list of all employees who were subject to the same disciplinary action or adverse employment action. Specify their relative protected classes, names, dates of employment, job or position titles and the type of adverse action taken.

11. [If harassment or a complaint of discrimination to management or a supervisor is involved:] Provide a list of all employees who complained of discrimination or harassment, the date of the complaint, the individuals involved, and the relative protected class information for the complaining employee and the persons of which he or she complained. Also, provide details regarding the resolution of the complaint.

12. Provide a list of all current employees, with relative protected class information, name, employment dates and job or position title.

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC 846-2010-43072

**Colorado Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Melvin Scott** | **(303) 375-9687** | **06-30-1955** |

Street Address City, State and ZIP Code

**4318 Biscay St, Denver, CO 80249**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **EG&G** | **500 or More** | **(877) 564-5267** |

Street Address City, State and ZIP Code

**105 Bradford Square Road, Suite A, Fayetteville, GA 30215**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 01-31-2010 | 01-31-2010 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On January 31, 2010, I was discharged from my position as a computer repairman.

II. I believe I have been discriminated against because I am disabled within the meaning of the ADAAA, in violation of the Americans with Disabilities Act of 1990, as amended (ADAAA), insomuch as:

a. I was performing my job satisfactorily.
b. I was injured on the job in 2008/2009 and was receiving worker's compensation benefits from my employer.
c. I worked in Iraq.
d. On or about February 2009, I was told by a female HR Representative, to call in every week to let them know the status of my disability and whether or not I could return to work. I did this beginning February 5, 2009 until the last call on January 17, 2010. I did everything I was told.
e. I was terminated without reason on January 31, 2010.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

**May 24, 2010** X Melvin J. Scott

*Date* *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

Dora
Department of Regulatory Agencies

Division of Civil Rights
Steven Chavez
Director of Division of Civil Rights

1560 Broadway, Suite 1050
Denver, CO 80202
(303) 894-2997
(303) 894-7830 (fax)
(800) 262-4845 (toll free)

200 West "B" Street, Suite 234
Pueblo, CO 81003
(719) 542-1298
(303) 869-0498 (fax)

222 S. 6th Street, Suite 301
Grand Junction, CO 81505
(970) 248-7303
(970) 248-7304
(970) 242-1262 (fax)

http://www.dora.state.co.us/civil-rights/

Bill Ritter, Jr.
Governor

Barbara J. Kelley
Executive
Director

# Notice
## TO EMPLOYERS, REAL ESTATE AGENTS, BUSINESS OWNERS, ET AL

Please be advised that Rule 20.5, which deals with the preservation of records relevant to civil rights charges, will affect all Respondents named in any charge or complaint that has been filed with the Colorado Civil Rights Division.
The text of General Provision Rule 20.5 – Preservation of Records:

A. Retention of records during processing of Charge or Complaint. In situations where a charge or complaint of discrimination is filed pursuant to Parts 3 through 7 of Article 34 of Title 24, C.R.S. (1988), as amended, all relevant records shall be kept until final disposition. Relevant records include personnel or employment records relating to the charging party or complainant and to all employees holding similar positions to the one the charging party or complainant held or sought, as well as application forms or test papers of all candidates for the positions, registration records, offers, leases, contracts, correspondence, business records, etc. Final disposition of the charge or complaint occurs when the statutory time periods for all appeals have expired.

B. The failure to comply with this regulation shall create a refutable presumption, either by the commission or the hearing examiner, that the records contained information adverse to the interests of the party.

If you have any questions regarding General Provision Rule 20.5 or any other Rules or Regulations of the Colorado Civil Rights Commission, please contact one of the Division's offices.

Dora
Department of Regulatory Agencies

John W. Hickenlooper
Governor

Barbara J. Kelley
Executive
Director

**Division of Civil Rights**
Steven Chavez
Director of Division of Civil Rights

1560 Broadway, Suite 1050
Denver, CO 80202
(303) 894-2997
(303) 894-7830 (fax)
(800) 262-4845 (toll free)

200 West "B" Street, Suite 234
Pueblo, CO 81003
(719) 542-1298
(303) 869-0498 (fax)

222 S. 6th Street, Suite 301
Grand Junction, CO 81505
(970) 248-7303
(970) 248-7304
(970) 242-1262 (fax)

http://www.dora.state.co.us/civil-rights/

Melvin Scott
4318 Biscay Sreet
DENVER, CO 80249

Charge Number D20100036, Scott v. EG & G / Lear Siegler Services

Dear Mr. Scott:

The Respondent in the above-cited case, at the request of the agency, has filed a motion for extension of our authority and jurisdictional time to complete the administrative process of this case. Such a motion can only be filed by either the Charging Party or the Respondent. In general, the motion does not, in itself, *automatically* provide either party any additional time to respond to the issues.

The extension is for the purpose of protecting both Party's right, by providing the time to complete the full administrative process, which may include any remaining investigation, resolution, available conciliation efforts or appeal hearings following the written decision to be mailed by the Civil Rights Division Director.

Pursuant to Rule 10.65 of the Colorado Civil Rights Commission, enclosed is a copy of the extension motion.

Please contact me directly by close of business by February 14, 2011, at 303-894-7817 if you have any question or an objection to the granting of this Motion.

Sincerely,

Manuel L. Gonzales
Civil Rights Specialist

February 9, 2011
Date

cc: Case File

L-08, MET notice ltr
1

Dora
Department of Regulatory Agencies

John W Hickenlooper
Governor

Barbara J Kelley
Executive
Director

Division of Civil Rights
Steven Chavez
Director of Division of Civil Rights

1560 Broadway, Suite 1050
Denver, CO 80202
(303) 894-2997
(303) 894-7830 (fax)
(800) 262-4845 (toll free)

200 West "B" Street, Suite 234
Pueblo, CO 81003
(719) 542-1298
(303) 869-0498 (fax)

222 S. 6th Street, Suite 301
Grand Junction, CO 81505
(970) 248-7303
(970) 248-7304
(970) 242-1262 (fax)

http://www.dora.state.co.us/civil-rights/

**Charge No. D20100036, Melvin Scott v. EG & G / Lear Siegler Services**

## MOTION FOR EXTENSION OF THE COMMISSION'S 270-DAY JURISDICTIONAL TIME PERIOD

Pursuant to CRS 24-34-306(11), the Respondent, at the request of the agency, motions the Colorado Civil Rights Commission (CCRC) or a Commissioner, for an extension of the jurisdictional time for 90 days, from February 19, 2011, to May 19, 2011 (or until noticed for hearing, if sooner) in which to resolve Charge No. D20100036. This request for granting an extension of the jurisdictional time period for good cause is made for the following reason: *To ensure completion of the administrative process.*

NOTE: Pursuant to Rule 10.7 of the Rules of Practice and Procedure of the Colorado Civil Rights Commission, standards for determining whether good cause has been shown shall include all relevant factors including, but not limited to, (a) whether the failure to grant an extension would jeopardize the rights of any party; (b) whether there have been administrative delays which would adversely affect the rights of any party; (c) whether there are other factors out side the control of any party which caused delays in the administrative process; and (d) whether the rights of any party would be unduly prejudiced by the granting of an extension.

Donna L Mercer (signature) 2-9-11

Respondent, by Donna L. Mercer, Director, Human Resources Date

Oral request for extension filed on by

Opposing party [ ]does, [✓]does not, object to the granting of this motion.

Contact/date/reasons: ________________________________

Finding of good cause: It is hereby found that good cause for granting of the above-noted motion has/has not been shown. This finding is based on the following reasons:

The motion for extension of the jurisdictional time period for 90 days, until May 19, 2011 (or until noticed for hearing, if sooner) is hereby **granted/denied.**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|---|---|---|---|---|---|
| Q6A | 332343 | 010310 | 249 IRAQ | 0000512811 | 1 |

2628-0001

EG&G A Division of URS

EG&G TECHNICAL SERVICES, INC.
20501 SENECA MEADOWS PARKWAY
SUITE 300
GERMANTOWN, MD 20876

# Earnings Statement

ADP

Period Beginning: 11/29/2008
Period Ending: 12/12/2008
Pay Date: 12/19/2008

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 28
CO: 28

00000002352
**MELVIN J SCOTT**
**4318 BISCAY ST**
**DENVER CO 80249**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Iraq Ot | | 88.00 | 1,372.80 | 6,427.20 |
| Regular +Prem | | 80.00 | 2,184.00 | 10,395.84 |
| Waiver | | | 38.46 | 192.30 |
| Regular | | | | 249.60 |
| Holiday | | | | 124.80 |
| **Gross Pay** | | | **$3,595.26** | 17,389.74 |

| Deductions | | this period | year to date |
|---|---|---|---|
| **Statutory** | | | |
| | Social Security Tax | -222.90 | 1,078.16 |
| | Medicare Tax | -52.13 | 252.15 |
| **Other** | | | |
| | Checking 1 | -801.12 | |
| | Checking 2 | -1,000.00 | |
| | Child Life | -0.60 | 3.00 |
| | Ltd | -7.24 | |
| | New Hire Deduct | -1,250.00 | |
| | Optional Ad&D | -5.31 | 26.55 |
| | Optional Life | -2.44 | |
| | Roth 401K | -215.72 | 1,043.40 |
| | Spouse Life | -1.85 | |
| | 401K | -35.95* | 173.89 |
| | **Net Pay** | **$0.00** | |

*** Excluded from federal taxable wages**

Your federal taxable wages this period are
$3,559.31

Your CO taxable wages this period are
$3,559.31

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Cur Vac Accrual | | 1.54 |
| Hol Earns Ytd | | 124.80 |
| Hourly Rate | | 15.60 |
| New Hire Deduct | | 5,000.00 |
| 401K % | | 1.00 |
| Sick Balance | | 18.50 |
| Vacation Bal | | 7.70 |

© 2000 ADP, Inc

EG&G A Division of URS

EG&G TECHNICAL SERVICES, INC.
20501 SENECA MEADOWS PARKWAY
SUITE 300
GERMANTOWN, MD 20876

**Advice number:** **00000512811**
Pay date: 12/19/2008

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MELVIN J SCOTT | ********96 | | $801.12 |
| | ********30 | | $1,000.00 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|---|---|---|---|---|---|
| Q6A | 332343 | 010310 | 249 | 0000012522 | 1 |
| | | | IRAQ | | |

2496-0001

EG&G A Division of URS

EG&G TECHNICAL SERVICES, INC.
20501 SENECA MEADOWS PARKWAY
SUITE 300
GERMANTOWN, MD 20876

# Earnings Statement

ADP®

Period Beginning: 12/13/2008
Period Ending: 12/26/2008
Pay Date: 01/02/2009

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 28
CO: 28

00000002256
**MELVIN J SCOTT**
**4318 BISCAY ST**
**DENVER CO 80249**

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Holiday | | 8.00 | 124.80 | 124.80 |
| Iraq Ot | | 75.00 | 1,170.00 | 1,170.00 |
| Regular +Prem | | 80.00 | 2,184.00 | 2,184.00 |
| U/P Auth Ptime | | 1.00 | | |
| Waiver | | | 37.04 | 37.04 |
| **Gross Pay** | | | **$3,515.84** | 3,515.84 |

| **Deductions** | | this period | year to date |
|---|---|---|---|
| **Statutory** | | | |
| | Social Security Tax | -217.98 | 217.98 |
| | Medicare Tax | -50.98 | 50.98 |
| **Other** | | | |
| | Checking 1 | -1,000.00 | |
| | Checking 2 | -1,000.00 | |
| | Child Life | -0.58 | 0.58 |
| | Ltd | -8.08 | |
| | Optional Ad&D | -5.11 | 5.11 |
| | Optional Life | -2.35 | |
| | Roth 401K | -210.95 | 210.95 |
| | Savings 2 | -982.87 | |
| | Spouse Life | -1.78 | |
| | 401K | -35.16* | 35.16 |
| | **Net Pay** | **$0.00** | |

* **Excluded from federal taxable wages**

Your federal taxable wages this period are $3,480.68

Your CO taxable wages this period are $3,480.68

| **Other Benefits and Information** | this period | total to date |
|---|---|---|
| Cur Vac Accrual | | 1.48 |
| Hol Earns Ytd | | 124.80 |
| Hourly Rate | | 15.60 |
| New Hire Deduct | | 5,000.00 |
| 401K % | | 1.00 |
| Sick Balance | | 22.06 |
| Vacation Bal | | 9.18 |

**Important Notes**

REMINDER: REVIEW YOUR PAYCHECK FOR 2009 BENEFIT DEDUCTIONS

© 2000 ADP, Inc

EG&G A Division of URS

EG&G TECHNICAL SERVICES, INC.
20501 SENECA MEADOWS PARKWAY
SUITE 300
GERMANTOWN, MD 20876

**Advice number:** **00000012522**
Pay date: 01/02/2009

| **Deposited to the account of** | account number | transit ABA | amount |
|---|---|---|---|
| MELVIN J SCOTT | ********96 | | $1,000.00 |
| | ********30 | | $1,000.00 |
| | ************00 | | $982.87 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# Advanced Orthopedic and Sports Medicine Specialists, P.C.

☐ 8101 E. Lowry Blvd., Suite #230
Denver, CO 80230
303·344·9090 Fax 303·344·1922

☐ 11960 Lioness Way, Suite #260
Parker, CO 80134
720·895·0111 Fax 720·895·1121

www.advancedortho.org


COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT
DIVISION OF WORKERS' COMPENSATION

## PHYSICIAN'S REPORT OF WORKER'S COMPENSATION INJURY

**A COPY OF THIS REPORT MUST BE SENT TO THE INJURED WORKER AND THE INSURER**

1. REPORT TYPE ☐ Initial ☐ Progress ☐ Closing

2. CASE INFORMATION

Date of Injury 12-21-08
Injured Worker's Name Melvin Scott
Social Security # 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
Date of Birth 6-30-55
Exam Date 5-4-09

Workers' Comp # AIG
Insurer Claim # D 9005 7411
Insurer Name
Insurer Phone/Fax
Employer Name
Employer Phone/Fax

3. INITIAL VISIT (only)

Injured worker's description of accident/injury

Are your objective findings consistent with history and/or work related mechanism of injury/illness? ☐ Yes ☐ No

4. CURRENT WORK STATUS ☐ Is Working ☐ Not Working

5. WORK RELATED MEDICAL DIAGNOSIS(ES) S/P Scope.

6. PLAN OF CARE

TREATMENT PLAN
☐ Diagnostic tools/tests
☐ Procedures
☐ Therapy — Cont PT → HEP → MMI
☐ Medications
☐ Supplies
☐ Other

b. WORK STATUS
☒ Able to return to full duty on — Per Dr. Sanders
☐ Able to return to modified duty from ____ to ____ ☐ Unable to work from ____ to ____
☐ Able to return to part time work on ____ for ____ hrs per day

c. LIMITATIONS/RESTRICTIONS ☐ No Restriction ☐ Temporary Restrictions ☐ Permanent Restrictions

| | | | | | |
|---|---|---|---|---|---|
| ☐ Lifting (maximum weight in pounds) | | lbs. | ☐ Walking | | hours per day |
| ☐ Repetitive lifting | | lbs. | ☐ Standing | | hours per day |
| ☐ Carrying | | lbs. | ☐ Sitting | | hours per day |
| ☐ Pushing/Pulling | | lbs. | ☐ Crawling | | hours per day |
| ☐ Pinching/Gripping | | | ☐ Kneeling | | hours per day |
| ☐ Reaching over head | | | ☐ Squatting | | hours per day |
| ☐ Reaching away from body | | | ☐ Climbing | | hours per day |

☐ Repetitive Motion Restrictions

☐ Other

7. FOLLOW UP CARE AND REFERRALS

a. ☒ Return Appointment Date — MMI
b. ☐ Referral for ☐ Treatment (specify) ☐ Evaluation (specify)
☐ Impairment Rating ☐ Other (specify)
Referral Appointment to be made by ☐ Injured Worker ☐ Referring physician's office
Referred Provider's Name and Address Phone Number
c. ☐ Discharged from care (explain) ☐ Discharged for non compliance

8 MAXIMUM MEDICAL IMPROVEMENT (MMI)

☐ Injured Worker has reached MMI Date
Maintenance care after MMI required? ☐ No ☐ Yes If yes, specify care

☐ Injured Worker is not at MMI, but is anticipated to be at MMI in/on
☒ MMI date unknown at this time

9. PERMANENT MEDICAL IMPAIRMENT

☒ No permanent impairment
☐ Anticipate permanent impairment
☐ Permanent Impairment (attach required worksheets and narrative)
☐ Needs referral to Level II physician for impairment rating (see 7 b above)

10. PHYSICIAN'S SIGNATURE [signature] Date of Report 5-4-09.

Print Name
Address
License Number
Telephone Number

# Notice of Employee's Injury or Death

Longshore and Harbor Workers' Compensation Act
As Extended (See instructions on reverse)

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

This form should be furnished by the employer to any employee covered by the Longshore and Harbor Workers' Compensation Act or a related law who reports an occupational injury or illness to his/her employer. This form is used to provide written notice of an injury or death. Notice is required to obtain a benefit (20 CFR 702.212). The information will be used to determine entitlement to benefits. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

OMB No. 1215-0160

1. Employee's Name (Last, first, middle)
   Last Name: SCOTT  First Name: MELVIN  M.I.: J

2. Home Mailing Address (Number, street, city, state, ZIP code)
   line 1: 4318 BISCAY ST  city: DENVER
   line 2:  st: CO  zip: 80249
   country: UNITED STATES

3. Date of Birth (Month, day, year): 06/30/1955

4. Sex: ☑ Male ☐ Female

5. Social Security Number (Required by Law): 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

6. Home Telephone Area Code + Number: (303) 375-9687

7. Name and Address of Employer (Number, street, city, state, ZIP code)
   name: EG&G Technical Services, Inc.
   line 1: 20501 Seneca Meadows Parkway  city: Germantown
   line 2: Suite 300  st: MD  zip: 20876
   country: UNITED STATES

8. Employee's Job Title: Computer Repairer

9. Date of Injury (Month, day, year): 12/21/2008

10. Hour of Injury: 09:05 am

11. Place Where Injury Occurred: IRAQ (DAAA-09-02-D0007) B1 Al Asad MEF IMA

12. Name of Supervisor at Time of Injury: JAMES HAFEMEISTER

13. Did Employee Stop Work Due to Injury? ☐ Yes ☑ No

14. If Yes, Date Stopped:

15. Cause of Injury (Explain in what way the injury or occupational illness was caused by employment)
    EMPLOYEE WAS WALKING FROM THE COMPUTER REPAIR SHOP TO THE IMA SHOP OFFICE TO REPORT TO THE MEDICS FOR ANOTHER MEDICAL ISSUE AND TO DROP OFF PACKETS WHEN HE TRIPPED ON WIRES ON THE GROUND.

16. Effects of Injury (Indicate parts of body affected or if death occurred)
    KNEE, LEFT: PAIN

**NOTE: If reporting injury, employee signs Item 17; if reporting death, claimant or representative signs Item 18**

17. I am requesting the employer named in item 7 to provide me appropriate compensation and medical care for my injury, and I hereby make claim for all benefits to which I may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law.

    Melvin J. Scott
    Signature of Employee    Date: 12/21/2008
    Print Name: MELVIN J SCOTT

18. Request is hereby made to the employer named in Item 7 to provide appropriate death benefits to the survivors of the employee named in Item 1, and a claim is hereby made for those death benefits to which these survivors may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law.

    Signature of Compensation Claimant or Representative of Claimant    Date
    Print Name

19. This notice is being personally delivered, or mailed, to the employer named in Item 7 (or his/her representative) and a copy is being sent to the District Director of the Office of Workers' Compensation Programs by the party named in either Item 17 or 18 on this date.

    Date: 12/21/2008

**IMPORTANT NOTICE**

Section 31 (a)(1) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 931 (a)(1), provides as follows: Any claimant or representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or payment under this Act shall be guilty of a felony, and on conviction thereof shall be punished by a fine not to exceed $10,000, by imprisonment not to exceed five years, or by both.

Form LS-201
Rev. Jan. 1999

**Arafat Musaad**

---

**From:** AIGTA Medical [AIGTAMedical@AIG.com]
**Sent:** Sunday, January 04, 2009 9:44 PM
**To:** AIGTA Medical; Arafat Musaad; Barbosa, Andrea; Bawara, Saagou; BJ Heinrich; Brenda Oden; Cassidy, Crystal; Davor Marojevic; Denis Delic; Dinah Nilsen; Gainullin, Sasha; Gregory Taylor; URS Corporation; Joseph Castaneda; Josh Houston; Keith Turville; Kristin Marak; Lee Oshea; Phillip Wagstaff (phil_wagstaff@learinc.com); Stacey Creel; Theresa Strutt RN (theresa_strutt@urscorp.com); Dickerson, Vicky
**Subject:** CASE UA8361599, Mr. Melvin Scott

Greetings from AIG Houston,

Please note below the final itinerary for the above employee. If you have any questions please contact us.

**FOR: SCOTT/MELVIN REF: UA8361599**

```
**************************************************
***UNITED AIRLINES ELECTRONIC TICKET***
CONFIRMATION *S H K J 1 4*.
THE TICKET NUMBER FOR THIS TRIP IS - 0167390566679
**************************************************
05 JAN 09 - MONDAY
  AIR  UNITED AIRLINES   FLT:8741  ECONOMY    MEALS
     DUBAI-FRANKFURT OPERATED BY LUFTHANSA
     LV DUBAI          220A      EQP: BOEING 747 400
     DEPART: TERMINAL 1            06HR 50MIN
     AR FRANKFURT        610A      NON-STOP
     ARRIVE: TERMINAL 1            REF: SHKJ14
     PLEASE CHECK-IN AT LUFTHANSA TICKET COUNTER
  AIR  UNITED AIRLINES   FLT:8878  ECONOMY    MULTI MEALS
     FRANKFURT-DENVER OPERATED BY LUFTHANSA
     LV FRANKFURT        1255P     EQP: AIRBUS A340-600
     DEPART: TERMINAL 1            10HR 30MIN
     AR DENVER          325P      NON-STOP
                           REF: SHKJ14
     PLEASE CHECK-IN AT LUFTHANSA TICKET COUNTER
```

Best Regards,

**Tina M. Kamanda**
Medical Assistance Coordinator
**AIG Travel Assist**
6464 Savoy Drive, Suite 200
Houston, Texas 77036
Tel.: + 1-713-267-3393 (call collect)
Tel.: 1-888-826-8949 (within US or Canada)
Fax: + 1-713-952-1594

E-mail: MedicalHou@AIG.com

"Please be advised that the medical information communicated by AIG Travel Assist ("AIGTA") in this electronic message does not constitute medical advice or treatment, and AIGTA accepts no liability in connection with the services rendered by any medical service provider.

This communication, and any attachment(s), is intended only for the individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission and its attachment(s) is strictly prohibited. AIGTA does not accept any liability for any loss or damage arising from any virus transmitted by this communication."

**Colorado Rehab .Occ Medicine**
**830 Potomac Circle, Suite 290**
**Aurora, Colorado 80011**
**(303) 341-0722 Fax: (303) 341-0832**

---

| | | | |
|---|---|---|---|
| Patient: | Scott, Melvin | Physician: | Barry Ogin, M.D. |
| Sex: | Male | Test Date: | 02/02/09 |
| Age: | 53 | | |
| I.D.#: | 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 | | |
| Ref. M.D.: | John Sanidas, M.D. | | |

---

## Motor Nerve Study

| Median Nerve | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rec Site: APB | Lat (ms) | | Dur (ms) | | Amp (mV) | | Area (mVms) | | Dist (mm) | | C.V. (m/s) | |
| STIM SITE | L | R | L | R | L | R | L | R | L | R | L | R |
| Wrist | 4.8 | 4.6 | 5.6 | 5.8 | 7.8 | 10.7 | 21.6 | 35.7 | 80 | 80 | | |
| Elbow | 9.1 | 9.3 | 5.5 | 6.0 | 7.2 | 10.1 | 21.6 | 34.7 | 250 | 260 | 57.7 | 55.7 |

| Ulnar Nerve | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rec Site: ADM | Lat (ms) | | Dur (ms) | | Amp (mV) | | Area (mVms) | | Dist (mm) | | C.V. (m/s) | |
| STIM SITE | L | R | L | R | L | R | L | R | L | R | L | R |
| Wrist | 3.3 | 3.3 | 4.8 | 4.7 | 5.7 | 6.8 | 13.8 | 17.9 | 80 | 80 | | |
| B.Elbow | 7.1 | 7.0 | 5.3 | 5.3 | 4.9 | 5.8 | 13.1 | 16.8 | 230 | 240 | 61.3 | 64.0 |
| A.Elbow | 10.0 | 9.8 | 4.7 | 5.8 | 2.8 | 5.1 | 6.4 | 16.4 | 95 | 95 | 32.6 | 34.5 |

## Sensory Nerve Study

| Median Nerve | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Stim Site: Wrist | Lat (ms) | | Pk Lat (ms) | | Amp (uV) | | Dist (mm) | | C.V. (m/s) | |
| REC SITE | L | R | L | R | L | R | L | R | L | R |
| Index | 3.1 | 3.2 | 3.8 | 4.0 | 32.9 | 32.6 | 140 | 140 | 45.4 | 44.0 |

| Ulnar Nerve | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Stim Site: Wrist | Lat (ms) | | Pk Lat (ms) | | Amp (uV) | | Dist (mm) | | C.V. (m/s) | |
| REC SITE | L | R | L | R | L | R | L | R | L | R |
| 5th dig | 2.7 | 2.5 | 3.3 | 3.5 | 23.9 | 13.6 | 140 | 140 | 52.5 | 56.4 |

NOTES:
Left side:
Right side:severe temp dispersion

| Radial Nerve | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Stim Site: Wrist | Lat (ms) | | Pk Lat (ms) | | Amp (uV) | | Dist (mm) | | C.V. (m/s) | |
| REC SITE | L | R | L | R | L | R | L | R | L | R |
| Thumb | 1.8 | 1.9 | 2.3 | 2.3 | 30.6 | 13.6 | 100 | 100 | 55.0 | 53.6 |

Patient: Scott, Melvin 02/02/09
I.D.#: 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

## EMG Study

| Name | | Ins Act | Fibs | PSW | Fascics | Polyph | MU Amp | MU Dur | Config | Pattern | Recruit | TEXT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L. Biceps Brac | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| L. Pronator Te | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| L. Triceps | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| L. Flex Dig Pr | | inc | 1+ | 1+ | none | inc | norm | norm | norm | norm | norm | |
| denervation seen digits 4-5, normal appearance digits 2-3 | | | | | | | | | | | | |
| L. Dors.Int.1 | | inc | 1+ | 1+ | none | inc | norm | norm | poly | norm | norm | |
| L. Abd.Dig.Mn. | | inc | 1+ | 1+ | none | norm | norm | norm | norm | norm | norm | |
| L. Abd.Pol.Br. | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Biceps Brac | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Pronator Te | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Triceps | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Flex Dig Pr | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Dors.Int.1 | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Abd.Dig.Mn. | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |
| R. Abd.Pol.Br. | Normal | norm | none | none | none | norm | norm | norm | norm | norm | norm | |

## Summary/Interpretation:

1. Bilateral ulnar neuropathy at the elbow, severe on the left, moderate on the right.
2. No evidence of ulnar nerve damage at the wrist.
3. Evidence of bilateral CTS, mild to moderate, query clinical relevance.
4. No evidence of cervical radiculopathy or polyneuropathy.

Discussion

The ulnar motor responses had delayed conduction velocities across the elbow with decreased amplitude on proximal stimulation bilaterally. The distal latencies were normal. The ulnar sensory responses also had normal distal latencies. Denervation was seen on the left side in the FDI, ADM and FDP digits 4-5 (ulnar innervated). The right side needle study was normal. Findings are consistent with bilateral ulnar neuropathy at the elbow, severe on the left.

The median motor and sensory responses are mildly prolonged across the wrist, consistent with CTS. The patient's symptoms are more consistent with an ulnar nerve distribution and I suspect the CTS is an incidental finding.

Please contact me if there are any addtional questions, concerns, or need for further clarification.

Sincerely,

Barry A Ogin, MD
Board Certified Physical Medicine & Rehabilitation
Electrodiagnosis

E-Mail Reply Sent 03.06.2009

Dear Robert:

I was told by the Al Asad, Iraq Human Resources Department that in case my Emergency Leave time went past 30 Days, I should make sure my supervisor Jay had my home address. My address is **4318 Biscay Street Denver, CO. 80249-6592** in which I provided to both my supervisor and the HR Department before I left Iraq. Please mail my belongings to me in Colorado, per HR Department's protocol.

I was just discharged from the hospital after having my knee surgery yesterday, and as soon as I get off the crutches, I will have my hand surgery and therapy. After which I will return to my Job in Iraq as soon as possible because $500.00 a week Worker's Comp Pay is nothing. You should try living off that small income amount.
(*Have a Bless Day*).

Any further Questions Please Call at (720) 249-9474.

Melvin J. Scott

LSI Computer Repairman

MelvinJScott91@msn.com

720.249.9474

# Notice of Controversion of Right to Compensation

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs
Longshore and Harbor Workers' Compensation

**This report is mandatory and is authorized by law and regulation (33 USC 914(d), (e); 20 CFR 702.251). Failure to report when controverting right to compensation can result in liability for 10 per cent additional compensation.**

OMB No. 1215-0023

**Instructions:** This form may be used by the employer/carrier to controvert the right to compensation. 33 USC 914(a) requires the employer to pay compensation promptly and without an award unless the right to such compensation is controverted by the filing of this form. Failure either to pay each installment of compensation, or controvert the right to such compensation, within fourteen days after it becomes due may result in liability for additional compensation equal to ten percent of each installment not paid when due (33 USC 914(d), (e). If the right to compensation is controverted, this form should be submitted in triplicate to the District Director, and the reasons for such controversion should be fully stated in item 12. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

1. OWCP File No. [redacted]

2. Employer File No. [redacted]

3. Carrier File No. [redacted]

4. Claimant's Name and Address

name: First Name * [redacted] M.I. [redacted] Last Name * [redacted]
* line 1: [redacted] city: [redacted]
line 2: [redacted] state: [redacted] zip: [redacted] country: [redacted]

5. Claim File or Injury Reported Under (check one) *

- [ ] LHWCA
- [ ] OCS
- [ ] DCWCA
- [ ] NFIA
- [x] DBA

6. Employee's Name and Address If different from Claimant's

country: [redacted]
[redacted] city: [redacted]
st: [redacted] zip: [redacted]

7. Employer's Name and Address *

country: [redacted]
[redacted] city: [redacted]
st: [redacted] zip: [redacted]

8. Carrier's Name and Address *

ctry: [redacted]
[redacted] city: [redacted]
st: [redacted] zip: [redacted]

9. Nature of Injury or Occupational Disease

[redacted]

10. Date of Injury (Month, Day, Year) *

[redacted]

11. Date of Employer's First Knowledge of Injury (Month, Day, Year) *

[redacted]

12. Right to compensation is controverted for the following reason(s) *

[redacted]

13. Authorized Signature *

14. Title and name of person signing *

[redacted]

15. Date of this Notice * (Month, Day, Year)

[redacted]

16. **(OWCP USE)** A copy of the form was mailed to the claimant and/or representative

on ______________ . Initials ______________ .

**Public Burden Statement**

We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Division of Longshore and Harbor Worker's Compensation, U.S. Department of Labor, Room C4315, 200 Constitution Avenue, N.W., Washington, D.C. 20210. DO NOT SEND COMPLETED FORMS TO THIS OFFICE.

Form LS-207
Rev. June 1997

# Notice of Controversion of Right to Compensation

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs
Longshore and Harbor Workers' Compensation

**This report is mandatory and is authorized by law and regulation (33 USC 914(d), (e); 20 CFR 702.251). Failure to report when controverting right to compensation can result in liability for 10 per cent additional compensation.**

OMB No. 1215-0023

**Instructions:** This form may be used by the employer/carrier to controvert the right to compensation. 33 USC 914(a) requires the employer to pay compensation promptly and without an award unless the right to such compensation is controverted by the filing of this form. Failure either to pay each installment of compensation, or controvert the right to such compensation, within fourteen days after it becomes due may result in liability for additional compensation equal to ten percent of each installment not paid when due (33 USC 914(d), (e). If the right to compensation is controverted, this form should be submitted in triplicate to the District Director, and the reasons for such controversion should be fully stated in item 12. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

1. OWCP File No. [redacted]

2. Employer File No. [redacted]

3. Carrier File No. [redacted]

4. Claimant's Name and Address

name: First Name * [redacted] M.I. [redacted] Last Name * [redacted]
* line 1: [redacted] city: [redacted]
line 2: [redacted] state: [redacted] zip: [redacted] country: [redacted]

5. Claim File or Injury Reported Under (check one) *

- [ ] LHWCA
- [ ] OCS
- [ ] DCWCA
- [ ] NFIA
- [x] DBA

6. Employee's Name and Address If different from Claimant's
country: [redacted]
[redacted] city: [redacted] st: [redacted] zip: [redacted]

7. Employer's Name and Address *
country: [redacted]
[redacted] city: [redacted] st: [redacted] zip: [redacted]

8. Carrier's Name and Address *
ctry: [redacted]
[redacted] city: [redacted] st: [redacted] zip: [redacted]

9. Nature of Injury or Occupational Disease

[redacted]

10. Date of Injury (Month, Day, Year) *

[redacted]

11. Date of Employer's First Knowledge of Injury (Month, Day, Year) *

[redacted]

12. Right to compensation is controverted for the following reason(s) *

[redacted]

13. Authorized Signature *

14. Title and name of person signing *

[redacted]

15. Date of this Notice * (Month, Day, Year)

[redacted]

16. **(OWCP USE)** A copy of the form was mailed to the claimant and/or representative

on ______________________ . Initials ______________________ .

**Public Burden Statement**

We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Division of Longshore and Harbor Worker's Compensation, U.S. Department of Labor, Room C4315, 200 Constitution Avenue, N.W., Washington, D.C. 20210. DO NOT SEND COMPLETED FORMS TO THIS OFFICE.

DEA No. ____________

**BARRY A. OGIN, M.D.**
**COLORADO REHABILITATION & OCCUPATIONAL MEDICINE**
☐1444 S. Potomac St.,#280 Aurora, CO 80012 ☐830 Potomac Cr., #290 Aurora, CO 80011 ☐401 W. Hampden PL., #220 Englewood, CO 80110
303-341-0722

CO Lic. No. 37911

Name Melvin Smith

Address ____________ Date 7/2/09

℞ Referral to

Hand Surgery Assoc.
Dr. Yi / Sachar / Levesedge
B/L ulnar neuropathy
@ elbow
Denervation on (L)

☐ Label

Refill ______ times PRN NR

☐ Dispense as Written

[signature]